LINDA OUTLAW AND JACK A. WILLIFORD, GUARDIAN AD LITEM FOR STEPHANIE GWEN OUTLAW, A MINOR v. PLANTERS NATIONAL BANK & TRUST COMPANY, EXECUTOR OF THE ESTATE OF RALEIGH LEE HARDEN, DECEASED, KIM DENISE HARDEN, VICKIE LYNN HARDEN AND RALEIGH LEE HARDEN, JR.

No. 786SC718

(Filed 5 June 1979)

Descent and Distribution § 8; Constitutional Law § 23.7— illegitimate child— statutes governing intestate succession upon father's death—constitutionality

G.S. 29-19 and the other statutes referred to therein, insofar as they provide that an illegitimate child may inherit from its father only if paternity has been acknowledged in writing or finally adjudged in the lifetime of the father in accordance with those applicable statutes, establish a statutory scheme which bears an evident and substantial relation to the permissible and important interest of the State in providing for the orderly disposition of property at death and do not discriminate against illegitimate children in such manner as to violate the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution.

APPEAL by petitioners from *Browning, Judge.* Judgment entered 14 June 1978 in Superior Court, BERTIE County. Heard in the Court of Appeals 26 April 1979.

The petitioners, the mother and the guardian ad litem of the minor child Stephanie Gwen Outlaw, filed a petition before the trial court alleging that the minor child is entitled to share in the estate of her putative father, Raleigh Lee Harden, who died testate. No provision was made for the child in Harden's will which was dated before the child's birth. The respondents, the legitimate children of Raleigh Lee Harden named as beneficiaries under the will, defended on the ground that the petitioners had

failed to establish the illegitimate child's right under G.S. 29-19 to share in the testator's estate as though the testator had died intestate.

The matter came before the trial court upon the following stipulated facts. The petitioner, Linda Outlaw, is the mother of Stephanie Gwen Outlaw who was born out of wedlock on 5 January 1975. Raleigh Lee Harden died testate on 1 October 1977. The will of Raleigh Lee Harden was dated 11 March 1974 and was duly probated on 11 October 1977. That will contained no provision with reference to Stephanie Gwen Outlaw.

The petitioners introduced the affidavit of Linda Outlaw stating that Stephanie Gwen Outlaw was the child of Raleigh Lee Harden and that Harden paid bills incurred by reason of the birth of the child and continued to recognize her as his own until his death. Other affidavits tended to support the contention of the petitioner, Linda Outlaw, that Raleigh Lee Harden was the father of Stephanie Gwen Outlaw, contributed to her support and treated the child as his own. The petitioners conceded that no evidence was available tending to show that Raleigh Lee Harden was ever judicially determined to be the father of Stephanie Gwen Outlaw or that he otherwise complied during his lifetime with the provisions of G.S. 29-19.

The trial court entered judgment in which it found facts, concluded that the requirements of G.S. 29-19 had not been met and allowed the respondents' motion for summary judgment. The petitioners appealed.

*Pritchett, Cooke & Burch, by W. L. Cooke, for petitioners appellants.*

*Cherry, Cherry & Flythe, by Thomas L. Cherry and Larry S. Overton, for respondents appellees.*

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, as amicus curiae.*

MITCHELL, Judge.

The petitioners assign as error that part of the judgment in which the trial court concluded that the respondents were entitled to summary judgment in their favor by virtue of the failure of

the petitioners to show compliance with G.S. 29-19. In support of this assignment, the petitioners contend that the statute is unconstitutional in that it unreasonably discriminates between the rights of legitimate and illegitimate children to inherit from their fathers and violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

By virtue of G.S. 28A-22-2 and G.S. 31-5.5, a child born after the execution of its father's will is entitled to inherit an interest equal to the interests of a child born prior to the execution of the will and as though the father had died intestate. Under the provisions of G.S. 29-19, illegitimate children take an intestate share of the estate of their mother as though they were the legitimate children of the mother. G.S. 29-19 further provides, however, that an illegitimate child shall be entitled, for purposes of intestate succession, to share in its father's estate only if he "has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16" or "has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer . . . and filed during his own lifetime and the child's lifetime" according to law. The statute additionally requires that written notice of the basis of an illegitimate child's claim be given the personal representative of the putative father within six months after the date of the first publication or posting of the general notice to the putative father's creditors. The statutes referred to within the previously quoted portions of G.S. 29-19 require that civil actions to establish the paternity of the putative father be commenced within three years after the birth of the illegitimate child or within three years of the last payment for support of the child by the putative father, but in no event after the death of the putative father.

In their brief, the petitioners rely heavily upon the case of *Trimble v. Gordon,* 430 U.S. 762, 52 L.Ed. 2d 31, 97 S.Ct. 1459 (1977). In that case, the Supreme Court of the United States held that the Equal Protection Clause of the Fourteenth Amendment was violated by an Illinois statute providing that an illegitimate child could inherit from its father only if the father had acknowledged the child and the child had been legitimated by the intermarriage of the parents. The Court in *Trimble* relied upon

the proposition that classifications based on illegitimacy are constitutionally invlaid if they are not substantially related to permissible state interests and held that the Illinois statute was not substantially related to such interests.

After the filing of the briefs on appeal in the present case, the Supreme Court of the United States decided the case of *Lalli v. Lalli,* --- U.S. ---, 58 L.Ed. 2d 503, 99 S.Ct. 518 (1978). In that case the Court found constitutional a New York statutory provision that allowed an illegitimate child to inherit from his intestate father only if a court of competent jurisdiction had entered an order declaring paternity during the father's lifetime. The Court found the New York statute substantially related to the permissible interest of the State in providing for the just and orderly disposition of property at death. In its opinion in *Lalli,* the Court distinguished its prior holding in *Trimble* as follows:

> The Illinois statute in *Trimble* was constitutionally unacceptable because it effected a total statutory disinheritance of children born out of wedlock who were not legitimated by the subsequent marriage of their parents. The reach of the statute was far in excess of its justifiable purposes. [The New York statute] does not share this defect. Inheritance is barred only where there has been a failure to secure evidence of paternity during the father's lifetime in the manner prescribed by the State. This is not a requirement that inevitably disqualifies an unnecessarily large number of children born out of wedlock.

--- U.S. at ---, 58 L.Ed. 2d at 514, 99 S.Ct. at 527.

We find that G.S. 29-19 and the other statutes referred to therein, insofar as they provide that an illegitimate child may inherit from its father only if paternity has been acknowledged in writing or finally adjudged in the lifetime of the father and otherwise in accord with those applicable statutes, establish a statutory scheme which bears an evident and substantial relation to the permissible and important interest of the State in providing for the just and orderly disposition of property at death. *Lalli v. Lalli,* --- U.S. ---, 58 L.Ed. 2d 503, 99 S.Ct. 518 (1978). In addition to allowing an illegitimate child to inherit if there has been a final adjudication of paternity during the father's lifetime, as did the New York statute under review in *Lalli,* G.S. 29-19 per-

mits the illegitimate child to inherit, if, in the alternative, the father has acknowledged the child as his own in an executed or acknowledged written instrument. The provision for this alternative method of establishing paternity, renders G.S. 29-19 even more constitutionally sound, in our view, than the New York statute under review in *Lalli* which the Court held constitutional. Therefore, we find that the statutory scheme established by G.S. 29-19 and the other statutes referred to therein does not discriminate against illegitimate children in such manner as to violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. *Lalli v. Lalli,* --- U.S. ---, 58 L.Ed. 2d 503, 99 S.Ct. 518 (1978); *See Parham v. Hughes,* --- U.S. --- L.Ed. 2d ---, 99 S.Ct. 1742 (1979) (wrongful death statute allowing mother to recover for illegitimate child's death but not allowing father to recover unless he has legitimated the child and there is no mother). *But cf. Caban v. Mohammed,* --- U.S. ---, --- L.Ed. 2d ---, 99 S.Ct. 1760 (1979) (statute requiring consent of mother, but not father, as prerequisite to adoption of illegitimate child).

The judgment of the trial court must be and is hereby

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.