255 S.E.2d 189 (1979)
41 N.C. App. 571
Linda OUTLAW and Jack A. Williford, guardian ad litem for Stephanie Gwen Outlaw, a minor
v.
PLANTERS NATIONAL BANK & TRUST COMPANY, Executor of the Estate of Raleigh Lee Harden, Deceased, Kim Denise Harden, Vickie Lynn Harden and Raleigh Lee Harden, Jr.
No. 786SC718.
Court of Appeals of North Carolina.
June 5, 1979.
*190 Pritchett, Cooke & Burch by W. L. Cooke, Windsor, for petitioners-appellants.
Cherry, Cherry & Flythe by Thomas L. Cherry and Larry S. Overton, Ahoskie, for respondents-appellees.
Atty. Gen. Rufus L. Edmisten by Asst. Atty. Gen. Charles J. Murray, Raleigh, as amicus curiae.
MITCHELL, Judge.
The petitioners assign as error that part of the judgment in which the trial court concluded that the respondents were entitled to summary judgment in their favor by virtue of the failure of the petitioners to show compliance with G.S. 29-19. In support of this assignment, the petitioners contend that the statute is unconstitutional in that it unreasonably discriminates between the rights of legitimate and illegitimate children to inherit from their fathers and violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.
By virtue of G.S. 28A-22-2 and G.S. 31-5.5, a child born after the execution of its father's will is entitled to inherit an interest equal to the interests of a child born prior to the execution of the will and as though the father had died intestate. Under the provisions of G.S. 29-19, illegitimate children take an intestate share of the estate of their mother as though they were the legitimate children of the mother. G.S. 29-19 further provides, however, that an illegitimate child shall be entitled, for purposes of intestate succession, to share in its father's estate only if he "has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16" or "has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer . . . and filed during his own lifetime and the child's lifetime" according to law. The statute additionally requires that written notice of the basis of an illegitimate child's claim be given the personal representative of the putative father within six months after the date of the first publication or posting of the general notice to the putative father's creditors. The statutes referred to within the previously quoted portions of G.S. 29-19 require that civil actions to establish the paternity of the putative father be commenced within three years after the birth of the illegitimate child or within three years of the last payment for support of the child by the putative father, but in no event after the death of the putative father.
In their brief, the petitioners rely heavily upon the case of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). In that case, the Supreme Court of the United States held that the Equal Protection Clause of the Fourteenth Amendment *191 was violated by an Illinois statute providing that an illegitimate child could inherit from its father only if the father had acknowledged the child and the child had been legitimated by the intermarriage of the parents. The Court in Trimble relied upon the proposition that classifications based on illegitimacy are constitutionally invalid if they are not substantially related to permissible state interests and held that the Illinois statute was not substantially related to such interests.
After the filing of the briefs on appeal in the present case, the Supreme Court of the United States decided the case of Lalli v. Lalli, ___ U.S. ___, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). In that case the Court found constitutional a New York statutory provision that allowed an illegitimate child to inherit from his intestate father only if a court of competent jurisdiction had entered an order declaring paternity during the father's lifetime. The Court found the New York statute substantially related to the permissible interest of the State in providing for the just and orderly disposition of property at death. In its opinion in Lalli, the Court distinguished its prior holding in Trimble as follows:
The Illinois statute in Trimble was constitutionally unacceptable because it effected a total statutory disinheritance of children born out of wedlock who were not legitimated by the subsequent marriage of their parents. The reach of the statute was far in excess of its justifiable purposes. [The New York statute] does not share this defect. Inheritance is barred only where there has been a failure to secure evidence of paternity during the father's lifetime in the manner prescribed by the State. This is not a requirement that inevitably disqualifies an unnecessarily large number of children born out of wedlock.
___ U.S. at ___, 99 S.Ct. at 527, 58 L.Ed.2d at 514.
We find that G.S. 29-19 and the other statutes referred to therein, insofar as they provide that an illegitimate child may inherit from its father only if paternity has been acknowledged in writing or finally adjudged in the lifetime of the father and otherwise in accord with those applicable statutes, establish a statutory scheme which bears an evident and substantial relation to the permissible and important interest of the State in providing for the just and orderly disposition of property at death. Lalli v. Lalli, ___ U.S. ___, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). In addition to allowing an illegitimate child to inherit if there has been a final adjudication of paternity during the father's lifetime, as did the New York statute under review in Lalli, G.S. 29-19 permits the illegitimate child to inherit, if, in the alternative, the father has acknowledged the child as his own in an executed or acknowledged written instrument. The provision for this alternative method of establishing paternity, renders G.S. 29-19 even more constitutionally sound, in our view, than the New York statute under review in Lalli which the Court held constitutional. Therefore, we find that the statutory scheme established by G.S. 29-19 and the other statutes referred to therein does not discriminate against illegitimate children in such manner as to violate the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Lalli v. Lalli, ___ U.S. ___, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978); see Parham v. Hughes, ___ U.S. ___, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979) (wrongful death statute allowing mother to recover for illegitimate child's death but not allowing father to recover unless he has legitimated the child and there is no mother). But cf. Caban v. Mohammed, ___ U.S. ___, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979) (statute requiring consent of mother, but not father, as prerequisite to adoption of illegitimate child).
The judgment of the trial court must be and is hereby
Affirmed.
PARKER and HARRY C. MARTIN, JJ., concur.